**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____

| | | |
|---|---|---|
| **MABLES,** *et al.***,** | : | **No.  08-C-2216** |
| | : | **Judge Lindberg** |
| **Plaintiffs,** | : | **Magistrate Judge Cox** |
| | : | |
| **vs.** | : | |
| | : | |
| **INDYMAC BANK, F.S.B.,** | : | |
| | : | |
| **Defendant.** | : | |

_____ :

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
<u>INDYMAC BANK, F.S.B.'S MOTION TO TRANSFER</u>**

## I.    INTRODUCTION

Plaintiffs have filed this class action complaint on behalf of themselves and other similarly situated minority homeowners seeking redress against Defendant Indymac Bank, F.S.B. ("Indymac").[1]  Plaintiffs and the putative class are all victims of Indymac's nation-wide discriminatory policy and practice of charging minorities higher interest rates, and more expensive fees and charges for mortgages, than similarly situated Caucasians in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA") and the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA").  Cmplt. at ¶¶ 1-5; 66-81.

Plaintiffs oppose Defendant Indymac's attempt to transfer this case to the Central District of California.  *See* Def. Motion to Transfer and Mem. of Law in Support of Motion (Dkt Nos. 11 and 12).

---

[1] The term "minority" or "minorities" refers to all non-Caucasians and other minority

Plaintiffs Lemont Mables and Larissa Henderson-Mables are residents of Chicago, Illinois.  Indymac conducts continuous and substantial business in Illinois, including processing thousands of loans in the state.  Accordingly, this Court has jurisdiction over this matter and venue within the Northern District of Illinois is undisputedly proper.   28 U.S.C. § 1391(b).

Further, Indymac is a Defendant in *Ware, et al. v. Indymac Bank, F.S.B., et al.*, No. 07 Civ. 1982 (N.D. Ill. 2007) (Bucklo, J.), a pre-existing class action in this District alleging claims that are virtually identical to those alleged in this case.  Although the *Ware* case has been pending in this District for more than a year, Indymac has neither complained about the inconvenience of litigating here nor has Indymac filed a motion to transfer *Ware* to the bank's home state of California.  Although there are two related actions pending against Indymac in the Northern District of Illinois, by contrast there is no other action against Indymac in the Central District of California.

The transfer sought by Indymac will only disrupt and protract these class action proceedings.  A transfer to California will not materially advance the convenience of the parties and it certainly will not serve the interests of justice.  Accordingly, for the reasons set forth below, Indymac's motion to transfer should be denied.

## II.     STATEMENT OF THE CASE

Plaintiffs Lemont Mables and Larissa Henderson-Mables (residents of Chicago, Illinois), as well as Plaintiff Earlene Calvin, have filed this class action on behalf of themselves and other similarly situated minority homeowners to challenge Defendant Indymac's discriminatory mortgage lending practices.  Specifically, Indymac utilizes a loan pricing policy that causes minorities to pay thousands of dollars more for their home

loans than Caucasian borrowers with similar credit qualifications. Plaintiffs and the putative class are all victims of this discriminatory policy and seek redress under the ECOA and FHA. Cmplt. at ¶¶ 1-5; 66-81.

In its motion to transfer, Indymac does not dispute that: (1) this Court's jurisdiction is proper pursuant to 28 U.S.C. § 1331 (Cmplt. at ¶ 6); (2) venue is proper pursuant to 28 U.S.C. § 1391(b) (*id.* at ¶ 7); (3) Plaintiffs Lemont Mables and Larissa Henderson-Mables reside within the Northern District of Illinois (*id.*); (4) Plaintiffs Lemont Mables and Larissa Henderson-Mables conducted financial transactions with Indymac in the Northern District of Illinois (*id.*); (5) Indymac is a federal bank that conducts business across the country, including conducting regular business within the Northern District of Illinois (*id.*)[2]; (6) Indymac is a defendant in pre-existing litigation in the Northern District of Illinois for similar acts of racially discriminatory mortgage lending practices[3]; and (7) Indymac has participated in that pre-existing action, without making any effort to transfer venue to California, for more than a year (and has participated in, or been a party to, litigation throughout the United States). Nevertheless, Indymac contends that this case should be transferred to the Central District of California, its backyard, based on the unsubstantiated claim that its corporate officials would be inconvenienced by continued litigation in this District.

Although there is a similar claim of racial discrimination already pending against it in the Northern District of Illinois, in which discovery remains open (*i.e.*, *Ware*),

---

[2] *See, e.g., Thomas et al v. Opteum Financial Services LLC et al.*, No. 07 Civ. 02228 (N.D. Ill. 2007); *Sandifer v. Freedom Mortgage Corporation, et al.*, No. 08 Civ. 01183 (N.D. Ill. 2008).

[3] *See Ware, et al. v. Indymac Bank, F.S.B., et al.*, No. 07 Civ. 1982 (N.D. Ill. 2007) (Bucklo, J.).

Indymac argues that this case should be transferred to California because certain members of Plaintiffs' legal team previously filed a racial discrimination suit against Indymac in California[4] and later dismissed that action without prejudice. Def. Mem. of Law at 3-4. Defendant makes no argument that dismissal in California was improper or unauthorized by the rules of civil procedure.

Rather than making any cogent legal argument favoring transfer to California, Indymac resorts to the unsubstantiated accusation that certain of Plaintiffs' counsel are engaged in "forum shopping." It is difficult to fathom how Plaintiffs' counsel can be accused of forum shopping where there was no activity -- let alone any adverse ruling -- in the short-lived California action. Ironically, Indymac itself goes to great lengths to explain that the claims of racial discrimination and factual underpinnings of *Ware* and this action are virtually identical. Under the circumstances, Plaintiffs' counsel's efforts to coordinate these complex overlapping cases by organizing the litigation in a single jurisdiction should be lauded rather than condemned.

As shown below, Indymac's efforts to transfer venue are misguided and its motion should be denied.

### III.    LEGAL STANDARD

Indymac has moved to transfer under 28 U.S.C. § 1404(a). The statute provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Stated differently, a change in venue is proper under 28 U.S.C. §1404(a)

---

[4] *See Ulloa v. Indymac Bank, F.S.B.*, No. 08-1312 (C.D. Cal. 2008) (voluntarily dismissed without prejudice). Now that *Ulloa* has been dismissed, there is no case pending against Indymac in the Central District of California regarding the claims brought *sub judice*.

if: "(1) venue is proper in both the transferor and transferee courts; (2) transfer will serve the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Timebase Pty Ltd. v. Thomson Corp.*, 2007 WL 772946 at *2 (N.D. Ill. March 9, 2007) (Lindberg, J.); *Boyd v. Snyder*, 44 F. Supp.2d 966, 968 (N.D. Ill. 1999.

The convenience factor requires consideration of a number of variables. When evaluating the convenience of the parties and witnesses courts consider: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties." *Andrade v. Chase Home Finance, LLC*, 2005 WL 3436400 at *2 (N.D. Ill. December 12, 2005) (citations omitted).

Similarly, the interests of justice factor involves an assessment of several considerations. In examining the interests of justice, courts focus on the efficient administration of the court system, including the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale. *Id.* (citations and quotations omitted).

The weight accorded to these factors rests within the sound discretion of the trial court. *Id. citing Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003). While the court may, in its discretion, apportion weight to these various factors, a "plaintiff's choice of forum is entitled to substantial weight, especially if it is the *plaintiff's home forum*." *Cosmetique, Inc. v. Robert Haydon Jones & Associates, LLC*, 2004 WL 1510012 at *2 (N.D. Ill. July 1, 2004) (Lindberg, J.) *citing Institute for Human Potential, Inc. v. Dr. John T. McDonald Found., Inc.*, 2001 WL 709458 at *2 (N.D. Ill. June 25, 2001) (emphasis added).

Finally, "a transfer under Section 1404(a) is not designed to merely shift inconveniences between equally situated parties, rather, the overall balance of inconveniences, and the broader public interests at play, must *clearly weigh* in favor of transfer." *Andrade*, 2005 WL 3436400 at *3 (emphasis added) (citation omitted).  The party seeking a transfer bears the burden of establishing that transferee forum is "clearly more convenient."  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir.1986).

Indymac fails to meet its burden on the convenience and interests of justice factors.  Its motion should be denied.

## IV.    ARGUMENT

### A.    VENUE IS PROPER IN BOTH FORUMS

It is undisputed that under 28 U.S.C. § 1391(b), venue properly lies in either the Northern District of Illinois (where this case is pending) or in the Central District of California (Indymac's preferred forum).  Plaintiffs Lemont Mables and Larissa Henderson-Mables both reside in the Northern District of Illinois.  Cmplt. at ¶ 8.  In addition, as outlined in the Complaint, Plaintiffs assert that Indymac's discriminatory policies were implemented, carried out and practiced through mortgage brokers, loan officers, and correspondent lenders located throughout the Northern District of Illinois, resulting in overcharges for countless minority applicants among the tens of thousands of loans originated by Indymac in Illinois.  *Id*. at ¶ 29.  Indeed, Indymac obtained a security interest on the Mables property in Illinois, and it goes without saying, has an interest in many hundreds of properties in this jurisdiction.

Indymac's interaction and financial transactions with the Mables are typical of its financial dealings with other minority mortgage applicants within the Northern District of

Illinois – *i.e.*, other prospective class members.  *Id.*   Because Plaintiffs' contacts with Indymac in Illinois are substantial, venue properly lies in this forum.

Venue is also proper in the Central District of California.  Plaintiff Earlene Calvin resides within that district and she is also a victim of Indymac's invidious discriminatory policies.  *Id*. at ¶ 9.

Because venue is proper in either district, the salient question is whether Indymac has satisfied its burden of establishing the propriety of its proposed transfer.  *See Coffey*, 796 F.2d at 219-20 (questioning whether defendant met its burden of showing its choice of forum was *clearly* more convenient).  The unequivocal answer is "no."

**B.     THERE IS NO INCONVENIENCE TO INDYMAC LITIGATING THIS MATTER IN THE NORTHERN DISTRICT OF ILLINOIS**

**1.     Plaintiffs' choice of forum should be given deference.**

As noted above, where, as here, two named-plaintiffs live in the Northern District of Illinois, plaintiffs' choice of forum is entitled to substantial weight.  *Cosmetique, Inc. v. Robert Haydon Jones & Associates, LLC*, 2004 WL 1510012 at *2 (N.D. Ill. July 1, 2004) (Lindberg, J.) *citing Institute for Human Potential, Inc. v. Dr. John T. McDonald Found., Inc.*, 2001 WL 709458 at *2 (N.D. Ill. June 25, 2001).

Although this is a putative class action that may include thousands, if not tens of thousands of individuals dispersed throughout the country, it is premature at this stage of the litigation to know how many people in the midwest may have been negatively impacted relative to the number of people from the East coast, West coast or deep South. Chicago is a central location with excellent access to transportation hubs for the

convenience of witnesses and counsel,[5] and it makes more sense to litigate the matter here.

### 2.     The situs of material events does not clearly favor transfer.

For certain, a "substantial part of the events" that led to the underlying claims occurred in Illinois.  *See* 28 U.S.C. § 1391(b).  Because a substantial part of the events took place in Illinois, venue should remain in this jurisdiction.  S*ee Moore v. AT & T Latin America Corp.*, 177 F. Supp.2d 785, 788 (N.D. Ill. 2001) (stating that proper test is not which venue has *most* substantial contacts, rather: "As long as the contacts in *plaintiffs'* chosen district are substantial, 'venue is proper notwithstanding the possibility that defendants' activities may have been more substantial somewhere else.'") *citing Walron Films Ltd., LLC v. Cinequanon Pictures Int'l*, 1997 WL 779059 at *2 (N.D. Ill. 1997); *Pasulka v. Sykes*, 131 F. Supp.2d 988, 994 (N.D. Ill. 2001) (emphasis added).

Plaintiffs allege that Indymac's policies and practices of discrimination were implemented against the Mables and other class members in Illinois.  Cmplt. at ¶¶ 50-52. The Mables fell victim to Indymac's discriminatory practices in April 2007, when they secured an Indymac loan through one of its authorized brokers.[6]  *Id*.  All discussions concerning the loan, review of costs and the signing of documents took place in Illinois. *Id*.  If the onerous loan terms prove unmanageable, the mortgage on the Mables' property would also be foreclosed here.

---

[5]  Due to the importance of this case, Plaintiffs have retained counsel from diverse locations including, Boston, New York, Arizona and Chicago.  Defendants also already have highly competent counsel in Chicago.  Many of those counsel were not involved in any way in the dismissed case in California.

[6]  Indymac only made loans through brokers in Illinois.

While those substantial actions took place in Illinois, Indymac suggests that the location where its discriminatory policies and practices originated should be given the most weight. Def. Memo. of Law at 6. Such an argument is akin to a car manufacturer arguing that a design defect by an engineer in Michigan, which caused a fatal auto accident in Manhattan, should be tried in Michigan rather than New York. The substantial event in such a scenario clearly occurred in New York. *Compare Childress v. Ford Motor Co.*, 2003 WL 23518380 at *3 (N.D. Ill. December 17, 2003) (Lindberg, J.) (concerning product liability and negligence claims arising out of automobile accident -- court granted motion to transfer venue to jurisdiction where accident occurred). Here, although the racially discriminatory policies may have originated in Indymac's corporate offices, the policies were implemented and carried out against the Mables and other prospective class members in Illinois and elsewhere throughout the United States.

Indymac's discriminatory lending policies gave unbridled discretion for mortgage brokers and correspondent lenders across the country to charge minority borrowers higher rates and charges (including yield spread premiums). Cmplt. at ¶ 37. Because Indymac itself had no retail branch operations in Illinois, it relied on these mortgage brokers and correspondent lenders to conduct its operations here. Thus, while Indymac's discriminatory practices may have been launched from California, the discriminatory overcharges to minority borrowers in Illinois were inflicted by mortgage brokers located in Illinois. Indymac's corporate offices in California therefore provide no basis to remove the case from this jurisdiction. *See S.E.C. v. Barzilay*, 2001 WL 127667 at *2 (N.D. Ill. February 14, 2001) (where defendants allegedly defrauded investors throughout country from California to New York, this factor neither favored nor disfavored transfer

of venue from Illinois to New York). Certainly, this factor does not *clearly* favor

Indymac.

> **3.    The relative ease of accessing sources of proof in this case is as simple as copying, scanning and sending an e-mail, fax or overnight package – it is not an issue here.**

In their Complaint, Plaintiffs list the following common questions of law and fact

that would apply to a putative class:

a.    the nature and scope of Defendant Indymac's policies and procedures concerning the assessment of yield spread premiums and other discretionary fees on mortgage loans it funds;

b.    whether Defendant Indymac is a creditor under the ECOA because, in the ordinary course of business, it participates in the decision of whether or not to extend credit to consumers;

c.    whether Defendant Indymac's policies and procedures regarding yield spread premiums and other discretionary fees are a facially neutral credit pricing system that has effected racial discrimination in violation of the ECOA;

d.    whether there are statistically significant disparities between the amount of the discretionary charges imposed on minorities and the amount of the discretionary charges imposed on Caucasians that are unrelated to creditworthiness;

e.    whether Defendant Indymac has any legitimate business justification for its policies and procedures;

f.    whether there is a less discriminatory alternative to these policies and procedures;

g.    whether the Court can enter declaratory and injunctive relief; and

h.    the proper measure of disgorgement or monetary relief.

Cmplt. at ¶ 61.

None of these common questions of law or fact are specific to California.

Indymac's professed concern of having to "transport all of its sources of proof outside

California," is belied by the realities of modern litigation in the age of electronic discovery.   Def. Mem. of Law at 10-11.   Interrogatory answers can be prepared wherever Indymac prefers, scanned and sent via e-mail.   Documentary evidence, particularly electronic files, can be easily transferred through scanning, emailing and/or shipping overnight.   Such is the ease of forwarding discovery in the 21st century.  *See, e.g., Victory Intern. (USA) Inc. v. Perry Ellis Intern., Inc.*, 2008 WL 65177 (D.N.J., Jan. 2, 2008); *ICU Medical, Inc. v. RyMed Technologies, Inc.*, 2008 WL 205307 (D. Del., Jan. 23, 2008) (suggesting that digitization of records and electronic discovery may be rendering this criteria obsolete).

There will be no legion of attorneys travelling to California to review, collect and bring information back to Illinois.  All written discovery and documentary evidence can be collected or retrieved wherever it is and forwarded to Illinois easily.  Thus, this factor does not clearly favor transfer.

### 4.    The convenience of access to witnesses is also a non-issue.

The fact that some witnesses may reside in California provides no good reason to uproot this litigation.  Key Indymac witnesses may be deposed in California and the availability of videotape testimony makes travel to Illinois unnecessary.  As for other "key" witnesses (including proposed experts), as stated above, because this is a putative class action that spans the United States and because Indymac's racially discriminatory policies and practices have been instituted by many of its agents across the country, it is premature at this stage to guess where depositions may need to take place.  Certainly, Illinois is a more central location than the West coast.  Thus, Indymac cannot show that this factor clearly favors transfer.

### 5.    There is no inconvenience to litigating in Illinois.

Indymac cannot seriously allege that it will be inconvenienced by having to litigate this matter in Illinois.  Indymac, according to representations in its parent corporation's recent SEC filings, is the seventh largest savings and loan nationwide based on its assets, and the ninth largest residential mortgage originator in the United States. Cmplt. at ¶ 10.  It does business all across the country and has either participated in, or been a party to, litigation that spans the geography of the United States, including its current status as defendant in the *Ware* case situated in the Northern District of Illinois, where Indymac is represented by local counsel.  *See* Exhibit A (listing cases across the country in which Indymac Bank, F.S.B. has been identified as a party).[7]

*Ware*, like *Mables*, is a proposed class action that involves the review of thousands of loan files and other relevant materials and the taking of depositions in various locales.  That case has been pending in the Northern District of Illinois for *over a year* with not as much as a peep from Indymac complaining about *forum non conveniens* or the need to transfer to its home base because of any purported inconvenience – both motions are conspicuously absent from the docket.  Indymac's ongoing participation in *Ware*, (which will continue to be litigated in Illinois regardless of the outcome of this motion), as well as its participation as a party in *dozens* of other cases in the Northern District of Illinois, precludes any serious claim of inconvenience.

---

[7]  On April 29, 2008, local counsel for Indymac entered an appearance in the matter of *Sandifer v. Freedom Mortgage Corporation, et al.*, No. 1:08-cv-01183 (N.D. Ill. February 27, 2008) (Darrah, J.), in which Indymac is a named defendant.  In fact, a review of PACER dockets reveal that Indymac has been a party to litigation in Illinois dozens of times.  *See* Exhibit B.

Indymac's attempt in any way to argue with a straight face that litigating this matter in Illinois is an inconvenience should be viewed through the most skeptical of lenses.[8]

### C.     THE INTEREST OF JUSTICE WOULD NOT BE SERVED BY MOVING THIS CASE TO CALIFORNIA

As stated above, in examining "interests of justice," the court focuses on the efficient administration of the court system, including the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale. *Andrade*, *supra*.[9]

Both forums are surely familiar with the federal statutes at issue in this case. Plaintiffs argue, however, (and Indymac recognizes) that because the *Ware* case involves similar issues and because members of both parties' legal teams are based in Chicago, it would be reasonable to keep this matter here. Indymac's purported concern that *Ware* might be consolidated with *Mables*, while not a reason to favor transfer, is now moot. On April 22, 2008, the *Ware* Plaintiffs filed a motion to relate the two matters pursuant to Local Rule 40.4, which encourages the conservation of judicial resources. On April 28,

---

[8] Certainly, it would not be an undue financial hardship for Indymac to send witnesses to Illinois for trial (or anywhere else it has been involved in litigation) if necessary.

[9] Plaintiffs do not quibble with Indymac regarding the difference in number of months it takes to dispose of matters in the Northern District of Illinois vs. the Central District of California (6.2 to 6.8 months, respectively), as well as the difference in months it takes to get to trial in either district (29.7 to 21.3 months, respectively). Def. Mem. of Law at 13. Certainly, the difference of the former is *de minimus*, while there can be many reasonable explanations for a difference in the latter; for example, the complexity of cases on the docket at any given time or the parties' ability to conduct discovery in a congenial manner. Either way, the "interest of justice" factor does not clearly weigh in favor of transfer. Lastly, other than the weather in mid-February, Plaintiffs see no clear advantage to having California be the "more desirable locale" for litigating this case.

2008, the *Ware* court entered an Order denying the motion. *See Ware*, *supra* (April 28, 2008 Minute Order, Dkt. No. 170). Hence, Indymac's fear regarding consolidation should be allayed.

Indymac's contention that transfer should be ordered on the basis of forum shopping is simply unsupportable. Indymac cannot present one scintilla of evidence that suggests Plaintiffs are likely to fair better before Judges George W. Lindberg or Elaine E. Bucklo (or Magistrate Judge Susan E. Cox, to whom this matter has been assigned) rather than the Honorable Steven V. Wilson in California. Indymac also cannot support its contention that the *Mables* Plaintiffs are trying to avoid negative rulings imposed in *Ulloa*.[10]

Indymac asserts that *Ulloa* was dismissed on the eve of its filing a motion to dismiss. Def. Memo. of Law at 4. The Plaintiffs were never required to respond to, much less even review, this purported motion. More importantly, there was never consideration, yet alone any negative ruling on the motion by the California Court. Unless Indymac's California counsel has a crystal ball that foresaw a ruling in its favor, the record is simply devoid of any evidence to support Indymac's slanderous contention that: "it is apparent that Plaintiffs' counsel did not like the judge assigned to the *Ulloa* case, preferred to have the case litigated before Judge Bucklo in this District, and re-filed their lawsuit here to accomplish that goal." *Id*. at 2. Such an unsubstantiated statement

---

[10] Cases cited to by Indymac in support of forum shopping are inapposite to this matter. Def. Brief at 11-12. In *Madani v. Shell Oil Co.*, 2008 WL 268986 (C.D. Cal. January 30, 2008), the court found forum shopping where plaintiffs *lost* a Rule of Reason claim and received other unfavorable rulings from the same court only then to re-file the Rule of Reason claim in another district. *Id*. at *3. In *Wireless Consumers Alliance v. T-Mobile USA, Inc.*, 2003 WL 22387598 (N.D. Cal. October 14, 2003), the court found forum shopping where plaintiffs sought to avoid a particular precedent from a particular judge. *Id*. at *6. Neither of those scenarios is present here.

cannot support a transfer of venue and could be deemed sanctionable under Rule 11. *See* Fed. R. Civ. P. 11.

After learning of the pre-existing *Ware* case in this District, counsel for Plaintiffs in *Ulloa* conferred with *Ware*'s counsel. Rather than litigating separate cases in different jurisdictions, Plaintiffs counsel coordinated their efforts and filed this action asserting discrimination claims on behalf of a proposed nationwide class. As recognized in the Manual for Complex Litigation, coordination by counsel in multi-party complex litigation, such as this, "should be encouraged." Manual for Complex Litigation Fourth, § 10.22 at 24. Private ordering among potentially competing counsel is "by far the most common" approach to organizing large, complex cases on the plaintiffs' side. *Id.* at § 21.272.

## V.    CONCLUSION

It is clear that Defendant Indymac Bank, F.S.B. has not met its burden of showing that a transfer of venue is "clearly" warranted. As such, Plaintiffs respectfully pray that its motion be denied.

Date:   May 6, 2008                          Respectfully submitted,

                                             __/s__*Marvin A. Miller*_____
                                             Marvin A. Miller
                                             Lori A. Fanning
                                             **MILLER LAW LLC**
                                             115 South LaSalle St., Ste. 2910
                                             Chicago, IL 60603
                                             Tel: (312) 332-3400
                                             Fax: (312) 676-2676

                                             Al Hofeld, Jr.
                                             **LAW OFFICES OF AL HOFELD, LLC**
                                             And The Social Justice Project, Inc.
                                             208 South LaSalle St., Ste. 1650
                                             Chicago, IL 60604

Tel: (312) 345-1004
Fax: (312) 346-3242

Andrew S. Friedman
Wendy J. Harrison
T. Brent Jordan
**BONNETT FAIRBOURN**
**FRIEDMAN & BALINT, P.C.**
2901 North Central Ave., Ste. 1000
Phoenix, AZ 85012
Tel: (602) 274-1100
Fax: (602) 274-1199

Gary Klein
Shennan Kavanagh
Kevin Costello
**RODDY KLEIN & RYAN**
727 Atlantic Avenue
Boston, MA 02111-2810
Tel: (617) 357-5500
Fax: (617) 357-5030

Mark A. Chavez
Jonathan Gertler
Nance F. Becker
**CHAVEZ & GERTLER, L.L.P.**
42 Miller Avenue
Mill Valley, CA 94941
Tel: (415) 381-5599
Fax: (415) 381-5572

John J. Stoia, Jr.
Theodore J. Pintar
Leslie E. Hurst
**COUGHLIN STOIA GELLER**
**RUDMAN & ROBBINS LLP**
655 West Broadway, Ste 1900
San Diego, CA 92101
Tel: (619) 231-1058
Fax: (619) 231-7423

***Attorneys for Plaintiffs***

16

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

I, Marvin A. Miller, one of the attorneys for plaintiffs, hereby certify that on May 6, 2008, service of the foregoing ***Plaintiffs' Memorandum Of Law In Opposition To Indymac Bank, F.S.B.'s Motion To Transfer*** was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.


　　　　　　　　　　　　　　 */s/   Marvin A. Miller.*
　　　　　　　　　　　　　　 Marvin A. Miller

# EXHIBIT A

Westlaw.

QUERY - TI("INDYMAC BANK, F.S.B.")          DATABASES(S) - ALLCASES

1. ➡ Argys v. Schum, Slip Copy, 2008 WL 1765657, , D.Colo., April 16, 2008(Civil Action No.
   08-CV-00528-BNB.)

   ...currently available. United States District Court, D. Colorado. James Thomas ARGYS, Plaintiff, v.
   Judge James SCHUM (in his personal capacity), **Indymac Bank F.S.B.**, Larry G. Johnson, Robert J.
   Hopp, and The Hopp Law Firm, LLC, fka Hopp & Shore, LLC, fka Downey & Hopp, LLC...

2. ➡ Meeks-Owens v. Indymac Bank, F.S.B., Slip Copy, 2008 WL 1745803, , M.D.Pa., April 11,
   2008(Civil Action No. 3:07-CV-0059.)

   ...Meeks-Owens v. **Indymac Bank, F.S.B**. M.D.Pa.,2008. Only the Westlaw citation is currently
   available. United States District Court, M.D. Pennsylvania. Thomasina Yvette MEEKS-OWENS,
   Plaintiff, v. **INDYMAC BANK, F.S.B.**, Lisa Marie's Appraisal Service, Inc., Lisa Marie Gibson,
   Mountain Valey Abstract, and Anita M. Peterson, Defendants. Civil Action No. 3...

3. ➡ Megitt v. Indymac Bank, F.S.B., --- F.Supp.2d ----, 2008 WL 1748211, , D.Mass., March 31,
   2008(C.A. No. 07-30108-MAP.)

   ...Megitt v. **Indymac Bank, F.S.B**. D.Mass.,2008. Only the Westlaw citation is currently available.
   United States District Court, D. Massachusetts. Kristi L. MEGITT and Todd Pelletier, Plaintiffs v.
   **INDYMAC BANK, F.S.B.**, Defendant. C.A. No. 07-30108-MAP. March 31, 2008. Background:
   Borrowers filed putative class action under Truth in Lending Act...

4. ➡ IndyMac Bank, F.S.B. v. LaMattina, 853 N.Y.S.2d 341, 2008 WL 711708, 2008 N.Y. Slip Op. 02472,
   , N.Y.A.D. 1 Dept., March 18, 2008

   ...**IndyMac Bank, F.S.B**. v. LaMattina N.Y.A.D. 1 Dept.,2008. INDYMAC BANK, F.S.B. v.
   LAMATTINA Supreme Court, Appellate Division, First Department, New York. **INDYMACBANK,
   F.S.B.**, Plaintiff-Respondent, v. Joseph LaMATTINA, et al., Defendants, Vincent Ancona, et al.,
   Defendants-Appellants. March 18, 2008. Background: Bank brought...

5. ➡ In re Nedegaard, Slip Copy, 2008 WL 583693, , D.Minn., February 29, 2008(Bankruptcy No.
   06-42800.Civil No. 07-4542 ADM.)

   ...States District Court, D. Minnesota. In re Bruce A. NEDEGAARD, Debtor. Mortgage Electronic
   Registration Systems, Inc.; MidAmerica Mortgage Corporation; and **IndymacBankFSB**, Appellants,
   v. Julia A. Christians, Appellee. Bankruptcy No. 06-42800. Civil No. 07-4542 ADM. Feb. 29, 2008.
   Will R...

6. ↻ Ware v. Indymac Bank, FSB, 534 F.Supp.2d 835, 2008 WL 441600, , N.D.Ill., February 14, 2008(No.
   07 C 1982.)

   ...Ware v. **Indymac Bank**, FSB N.D.Ill.,2008. WARE v. INDYMAC BANK, FSB United States
   District Court, N.D. Illinois, Eastern Division. Carter WARE and Thelma Ware, Plaintiffs, v.
   **INDYMAC BANK, FSB**, Homestart Mortgage Corporation, Citimortgage, Inc., Mortgage Electronic
   Registration Systems, Inc., and Does 1-5, Defendants. No. 07 C 1982. Feb...

7. ↻ Indymac Bank, F.S.B. v. National Settlement Agency, Inc., Slip Copy, 2007 WL 4468652, , S.D.N.Y.,
   December 20, 2007(No. 07 Civ. 6865(LTS)(GWG).)

   ...**Indymac Bank, F.S.B**. v. National Settlement Agency, Inc. S.D.N.Y.,2007. Only the Westlaw

citation is currently available. United States District Court, S.D. New York. **INDYMACBANK, F.S.B.**, Plaintiff, v. NATIONAL SETTLEMENT AGENCY, INC. et al., Defendants. No. 07 Civ. 6865(LTS)(GWG). Dec. 20, 2007. MEMORANDUM ORDER...

8.  → Darling v. Indymac Bank, F.S.B., Slip Copy, 2007 WL 4276903, 75 Fed. R. Evid. Serv. 276, , D.Me., December 03, 2007(Civ. No. 06-123-B-W.)

...Darling v. **IndymacBank, F.S.B.** D.Me.,2007. United States District Court, D. Maine. Joseph and Roxanne DARLING, Plaintiffs, v. **INDYMACBANK, F.S.B.**, and Western Thrift & Loan, Defendants. Civ. No. 06-123-B-W. Dec. 3, 2007. David J. Van Dyke , Hornblower, Lynch...

9.  → Indymac Bank, F.S.B. v. Nationwide Financial Corp., Slip Copy, 2007 WL 3170068, , N.D.Ga., October 25, 2007(No. 1:07-cv-01472-WSD.)

...**IndymacBank, F.S.B.** v. Nationwide Financial Corp. N.D.Ga.,2007. Only the Westlaw citation is currently available. United States District Court, N.D. Georgia, Atlanta Division. **INDYMACBANK, F.S.B.**, Plaintiff, v. NATIONWIDE FINANCIAL CORPORATION; Logan Appraisals, Inc.; Guy H. Logan; Matt Sander; Rahn-Mims Equity Management, Inc.; Darius R...

10. C Indymac Bank, F.S.B. v. Young, 966 So.2d 1286, 2007 WL 3076928, , Miss.App., October 23, 2007(No. 2006-CA-01175-COA.)

...**IndymacBank, F.S.B.** v. Young Miss.App.,2007. INDYMAC BANK, F.S.B. v. YOUNG Court of Appeals of Mississippi. **INDYMACBANK, F.S.B.**, Appellant v. James C. YOUNG, Appellee. No. 2006-CA-01175-COA. Oct. 23, 2007. Background: Borrower sued bank for intentional...

11. → Thomas v. Opteum Financial Services, LLC, Slip Copy, 2007 WL 2903107, , N.D.Ill., October 01, 2007(Civil Action No. 07 CV 2228.)

...and Kathleen Thomas, Plaintiffs, v. OPTEUM FINANCIAL SERVICES, LLC, d/b/a Star Mortgage Services, Mortgage Electronic Registration System, Inc., **IndymacBank, F.S.B.**, GMAC Mortgage, LLC, and Does 1-5, Defendants. Civil Action No. 07 CV 2228. Oct. 1, 2007. Daniel A. Edelman...

12. H Murray v. Indymac Bank, F.S.B., Slip Copy, 2007 WL 2741650, , N.D.Ill., September 13, 2007(No. 04 C 7669.)

...Murray v. **IndymacBank, F.S.B.** N.D.Ill.,2007. Only the Westlaw citation is currently available. United States District Court, N.D. Illinois, Eastern Division. Thomas A. MURRAY, Plaintiff, v. **INDYMACBANK, F.S.B.**, Defendant. No. 04 C 7669. Sept. 13, 2007. Daniel A. Edelman James O. Latturner Thomas Everett Soule , Edelman, Combs, Latturner...

13. → Amonette v. IndyMac Bank, F.S.B., 515 F.Supp.2d 1176, 2007 WL 2683633, , D.Hawai'i, September 12, 2007(Civ. No. 06-00583 SPK-KSC.)

...Amonette v. **IndyMacBank, F.S.B.** D.Hawai'i,2007. AMONETTE v. INDYMAC BANK, F.S.B. United States District Court, D. Hawai'i. Beth S. AMONETTE, individually and as trustee of the Beth Snodgrass Amonette Revocable Living Trust, Plaintiff, v. **INDYMACBANK, F.S.B.** and Bridge Capital Corporation, Defendants. Civ. No. 06-00583 SPK-KSC. Sept. 12, 2007. Background: Trustee of a revocable living...

14. C Challenge Realty, Inc. v. Leisentritt, 867 N.E.2d 711, 2007 WL 1652571, , Ind.App., June 08, 2007(No. 49A02-0701-CV-38.)

...Ind.App.,2007. CHALLENGE REALTY, INC. v. LEISENTRITT Court of Appeals of Indiana. CHALLENGE REALTY, INC., Appellant, v. James M. LEISENTRITT, **IndymacBank, F.S.B.**, and Countrybrook North C., Appellees. No. 49A02-0701-CV-38. June 8, 2007. ORDER Appellees, James M. Leisentritt and Indymac...

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

17.  **H**  Indymac Bank, F.S.B. v. Reyad, Slip Copy, 2007 WL 1191254, , D.Conn., April 23, 2007(Civil Action No. 3:00 CV 835(CFD).)

...**IndymacBank, F.S.B.** v. Reyad D.Conn.,2007. Only the Westlaw citation is currently available. United States District Court, D. Connecticut. **INDYMACBANK, F.S.B.**, Plaintiff, v. Mostafa REYAD and Wafa Reyad, Defendants. Civil Action No. 3:00 CV 835(CFD). April 23, 2007. Mostafa...

18.  **H**  Ratcliff v. Indymac Bank FSB, Inc., 222 Fed.Appx. 398, 2007 WL 760592, , C.A.5 (Tex.), March 09, 2007(No. 06-40528.)

...Ratcliff v. **IndymacBankFSB**, Inc. C.A.5 (Tex.),2007. RATCLIFF v. INDYMAC BANK FSB, INC. This case was not selected for publication in the ...

...Rule 28 and Find CTA5 Rule 47) United States Court of Appeals, Fifth Circuit. Elijah W. RATCLIFF, Plaintiff-Appellant, v. **INDYMACBANKFSB**, Inc., as Successor in interest to Indymac Mortgage Holdings, Inc., formerly known as INMC Mortgage Holdings; State of Texas; State...

19.  **C**  Indymac Bank F.S.B. v. Vicuna, 2007 WL 3215671, 83 Pa. D. & C.4th 129, , Pa.Com.Pl., March 01, 2007(No. 6033 CV 2006.)

...**IndymacBankF.S.B.** v. Vicuna Pa.Com.Pl. 2007. Court of Common Pleas of Pennsylvania, Monroe County. **IndymacBankF.S.B.** v. Vicuna No. 6033 CV 2006. March 1, 2007 West Headnotes 266 Mortgages 266X Foreclosure by Action 266X(F) Pleading...

20.  →  U.S. v. Kramer, Slip Copy, 2007 WL 642940, , D.N.D., February 26, 2007(Civil File No. 3:05-cv-97.)

...D. North Dakota, Southeastern Division. UNITED STATES of America, Plaintiff, v. Joseph KRAMER, Rose Kramer, State of North Dakota, and **IndymacBank, F.S.B.**, Defendants. Civil File No. 3:05-cv-97. Feb. 26, 2007. Kent Rockstad U.S. Attorney's Office , Fargo, ND, for Plaintiff...

21.  **C**  IndyMac FSB v. Bridges, Slip Copy, 2006 WL 3703364, 2006 -Ohio- 6639, , Ohio App. 10 Dist., December 12, 2006(No. 06AP-219.)

...COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY. Court of Appeals of Ohio, Tenth District, Franklin County. **INDYMACBANK, FSB**, Plaintiff-Appellant, v. Jacob H. BRIDGES et al., Defendants-Appellees. No. 06AP-219. Decided Dec. 12, 2006. Appeal from the...

22.  ▷  Murray v. IndyMac Bank, F.S.B., 461 F.Supp.2d 645, 2006 WL 3253643, , N.D.Ill., November 07, 2006(No. 04 C 7669.)

...Murray v. **IndyMacBank, F.S.B.** N.D.Ill.,2006. MURRAY v. INDYMAC BANK, F.S.B. United States District Court, N.D. Illinois, Eastern Division. Thomas A. MURRAY, Plaintiff, v. **INDYMACBANK, F.S.B.**, Defendant. No. 04 C 7669. Nov. 7, 2006. Background: Consumer brought action under the Fair Credit Reporting Act (FCRA) against...

23.  **C**  IndyMac Bank, FSB v. Bridges, 169 Ohio App.3d 389, 863 N.E.2d 185, 2006 WL 3095774, 2006 -Ohio- 5742, , Ohio App. 10 Dist., November 02, 2006(No. 05AP-1214.)

...**IndyMacBank, FSB** v. Bridges Ohio App. 10 Dist.,2006. INDYMAC BANK, FSB v. BRIDGES Court of Appeals of Ohio, Tenth District, Franklin County. **INDYMACBANK, FSB**, Appellee, v. BRIDGES et al., Appellees; Goss, Appellant. No. 05AP-1214. Decided Nov. 2, 2006. Background: Bank, which held mortgage...

24.  **H**  Murray v. Indymac Bank, F.S.B., Not Reported in F.Supp.2d, 2006 WL 2263982, , N.D.Ill., August 07, 2006(No. 04 C 7669.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

...Murray v. **IndymacBank, F.S.B.** N.D.Ill.,2006. Only the Westlaw citation is currently available. United States District Court, N.D. Illinois, Eastern Division. Thomas A. MURRAY, Plaintiff, v. **INDYMACBANK, F.S.B.**, Defendant. No. 04 C 7669. Aug. 7, 2006. Daniel A. Edelman James O. Latturner Thomas Everett Soule Edelman, Combs, Latturner...

25.　Ħ　IndyMac Bank, F.S.B. v. Reyad, Not Reported in F.Supp.2d, 2006 WL 2092621, , D.Conn., July 27, 2006(Civil Action No. 3:00CV835(CFD).)

...**IndyMacBank, F.S.B.** v. Reyad D.Conn.,2006. Only the Westlaw citation is currently available. United States District Court, D. Connecticut. **INDYMACBANK, F.S.B.**, Plaintiff, v. Mostafa REYAD and Wafa Reyad, Defendants. Civil Action No. 3:00CV835(CFD). July 26, 2006. Mostafa Reyad, Fort...

26.　Ħ　Ratcliff v. Indymac Bank FSB, Not Reported in F.Supp.2d, 2006 WL 722228, , E.D.Tex., March 20, 2006(No. Civ.A. 9:05CV70.)

...2006. Only the Westlaw citation is currently available. United States District Court, E.D. Texas, Lufkin Division. Elijah W. RATCLIFF v. **INDYMACBANKFSB**, et al. No. Civ.A. 9:05CV70. March 20, 2006. Elijah W. Ratcliff, Livingston, TX, pro se. Charles E. Lauffer, Jr...

27.　Ħ　Ratcliff v. Indymac Bank, F.S.B., Not Reported in F.Supp.2d, 2005 WL 2304992, , E.D.Tex., September 20, 2005(No. Civ.A.9:05 CV 70.)

...2005. Only the Westlaw citation is currently available. United States District Court, E.D. Texas, Lufkin Division. Elijah RATCLIFF Plaintiff v. **INDYMACBANK, F.S.B.** as Successor in Interest to Indymac Mortgage Holdings, Inc., f/k/a Inmc Mortgage Holdings, Inc.; State of Texas; State...

28.　▶　Ratcliff v. Indymac Bank, F.S.B., Not Reported in F.Supp.2d, 2005 WL 2778660, , E.D.Tex., July 14, 2005(No. Civ.A. 9:05CV70.)

...Only the Westlaw citation is currently available. United States District Court, E.D. Texas, Lufkin Division. Elijah W. RATCLIFF Plaintiff, v. **INDYMACBANK, F.S.B.** as Successor in Interest to Indymac Mortgage Holdings Inc., f/k/a INMC Mortgage Holdings, Inc.; State of Texas; State...

29.　Ħ　Ratcliff v. Indymac Bank, F.S.B., Not Reported in F.Supp.2d, 2005 WL 1459966, , E.D.Tex., June 21, 2005(No. Civ.A. 905CV70.)

...Only the Westlaw citation is currently available. United States District Court, E.D. Texas, Lufkin Division. Elijah W. RATCLIFF Plaintiff, v. **INDYMACBANK, F.S.B.** as Successor in Interest to Indymac Mortgage Holdings, Inc.; State of Texas; State Bar of Texas; Executive Director of State...

30.　Ħ　Murray v. Indymac Bank, F.S.B., Not Reported in F.Supp.2d, 2005 WL 1866043, , N.D.Ill., June 13, 2005(No. 04 C 7669.)

...Only the Westlaw citation is currently available. United States District Court, N.D. Illinois, Eastern Division. Thomas A. MURRAY, Plaintiff, v. **INDYMACBANK, F.S.B.**, Defendant. No. 04 C 7669. June 13, 2005. Daniel A. Edelman James O. Latturner Thomas Everett Soule Edelman, Combs, Latturner...

32.　Ħ　Ratcliff v. Indymac Bank, Not Reported in F.Supp.2d, 2005 WL 1076116, , E.D.Tex., May 06, 2005(No. Civ.A. 9:05CV70.)

...Only the Westlaw citation is currently available. United States District Court, E.D. Texas, Lufkin Division. Elijah W. RATCLIFF Plaintiff, v. **INDYMACBANK, F.S.B.** as Successor in Interest to Indymac Mortgage Holdings, Inc.; State of Texas; State Bar of Texas; Executive Director of State...

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

33. **H** Ratcliff v. IndyMac Bank, F.S.B., 544 U.S. 994, 125 S.Ct. 1834 (Mem), 2005 WL 873593, 161 L.Ed.2d 762, 73 USLW 3621, , U.S.Tex., April 18, 2005(No. 04-7752.)

...Ratcliff v. **IndyMacBank**, **F.S.B.** U.S.,2005 Supreme Court of the United States Elihah W. RATCLIFF, petitioner, v. **INDYMACBANK**,**F.S.B.** No. 04-7752. April 18, 2005. Former decision, 543 U.S. 1165, 125 S.Ct. 1337 Petition for rehearing denied. 0 #2...

34. **H** Scott v. IndyMac Bank, FSB, Not Reported in F.Supp.2d, 2005 WL 730961, , N.D.Ill., March 28, 2005(No. 03 C 6489.)

...2005. Only the Westlaw citation is currently available. United States District Court, N.D. Illinois, Eastern Division. Elizabeth SCOTT, Plaintiff, v. **INDYMACBANK**, **FSB**; Capital Mortgage Services, LLC; Title Shield, LLC; Jeff Golding; Evan M. Silverman, and John Does 1-5, Defendants. No. 03...

35. **H** Ratcliff v. IndyMac Bank, F.S.B., 543 U.S. 1165, 125 S.Ct. 1337 (Mem), 2005 WL 406581, 161 L.Ed.2d 139, 73 USLW 3496, , U.S.Tex., February 22, 2005(No. 04-7752.)

...Ratcliff v. **IndyMacBank**, **F.S.B.** U.S.,2005 Supreme Court of the United States Elihah W. RATCLIFF, petitioner, v. **INDYMACBANK**, **F.S.B.** No. 04-7752. Feb. 22, 2005. Rehearing Denied April 18, 2005. See 544 U.S. 994, 125 S.Ct. 1834 Petition for...

38. **→** In re Gunn, Not Reported in B.R., 2005 WL 2445909, 18 Fla. L. Weekly Fed. B 184, , Bkrtcy.S.D.Fla., January 12, 2005(Bankruptcy No. 04-23331-BKC-RBR.Adversary No. 04-2225-BKC-RBR-A.)

...Florida. In re Burnett Lee GUNN, Debtor. Soneet R. Kapila, Trustee, Plaintiff, v. Burnett Lee Gunn, Phillip J. Hatt and **IndymacBank**, **FSB**, Defendants. Bankruptcy No. 04-23331-BKC-RBR. Adversary No. 04-2225-BKC-RBR-A. Jan. 12, 2005. Jack F. Weins...

40. **H** Ratcliff v. Indymac Bank, F.S.B., Not Reported in S.W.3d, 2004 WL 1813090, , Tex.App.-Beaumont, August 12, 2004(No. 09-03-271 CV.)

...2 FOR DESIGNATION AND SIGNING OF OPINIONS. MEMORANDUM OPINION Court of Appeals of Texas, Beaumont. Elijah W. RATCLIFF, Appellant v. **INDYMACBANK**, **F.S.B.**, as successor in interest to Indymac Mortgage Holdings Inc., f/k/a/ INMC Mortgage Holdings, Inc., Appellees. No. 09-03...

41. **→** Indymac Bank, F.S.B. v. Rogers, Not Reported in S.W.3d, 2004 WL 624901, , Tex.App.-San Antonio, March 31, 2004(No. 04-03-00939-CV.)

...R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS. MEMORANDUM OPINION Court of Appeals of Texas, San Antonio. **INDYMACBANK**, **F.S.B.** a/k/a Indymac Agency, Inc., Appellant v. Cynthia ROGERS, Appellee. No. 04-03-00939-CV. March 31, 2004. From...

42. **H** Scott v. IndyMac Bank, FSB, Not Reported in F.Supp.2d, 2004 WL 422654, , N.D.Ill., February 03, 2004(No. 03 C 6489.)

...2004. Only the Westlaw citation is currently available. United States District Court, N.D. Illinois, Eastern Division. Elizabeth SCOTT, Plaintiff, v. **INDYMACBANK**, **FSB**; Capital Mortgage Services, LLC; Title Shield, LLC; Jeff Golding; Evan M. Silverman, and John Does 1-5, Defendants. No. 03...

43. **C** Vaden v. IndyMac Bank, F.S.B., Not Reported in F.Supp.2d, 2003 WL 22136306, , N.D.Ill., September 16, 2003(No. 02 C 1150.)

...2003. Only the Westlaw citation is currently available. United States District Court, N.D. Illinois,

Eastern Division. Ronald VADEN, Plaintiff, v. **INDYMACBANK, F.S.B**. and Universal Financial Group, Inc., Defendants. No. 02 C 1150. Sept. 16, 2003. Cathleen M. Combs Daniel A. Edelman James...

44. **H**  Indymac Bank, FSB v. MacPherson, 303 A.D.2d 558, 756 N.Y.S.2d 467, 2003 WL 1240604, 2003 N.Y. Slip Op. 12054, , N.Y.A.D. 2 Dept., March 17, 2003

...Indymac Bank, FSB v. MacPherson N.Y.A.D. 2 Dept. 2003. Supreme Court, Appellate Division, Second Department, New York. **INDYMACBANK, FSB**, respondent, v. Donald MacPHERSON, appellant, et al., defendant. March 17, 2003. Patricia Weiss , Sag Harbor, N.Y., for appellant. Druckman & Sinel...

45. **C**  Indymac Bank, FSB v. Bey, Not Reported in A.2d, 2002 WL 31082395, , Pa.Com.Pl., September 12, 2002(Nos. 3200 AUG.TERM 2001, CONTROL NO. 070452.)

...Indymac Bank, FSB v. Bey Pa.Com.Pl.,2002. Only the Westlaw citation is currently available. 20 Pennsylvania Court of Common Pleas. **INDYMACBANK, FSB** Plaintiff, v. Carl C. BEY, and American Business Credit, Inc. Defendants. Nos. 3200 AUG.TERM 2001, CONTROL NO. 070452. Sept. 12...

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

**Cases In Which Indymac Bank, F.S.B. Is Or Was A Party To Litigation
In The Northern District Of Illinois**

1:01-cv-00243 IndyMac Bk FSB v. Long-Tarver, et al filed 01/12/01   closed 05/11/01
1:01-cv-00853 IndyMac Bk FSB v. KPE Inc, et al filed 02/07/01   closed 03/08/01
1:01-cv-04906 IndyMac Bk FSB v. Williams, et al filed 02/27/01   closed 10/16/01
1:01-cv-01409 IndyMac Bk F S B v. Jafari, et al filed 02/28/01   closed 04/09/01
1:01-cv-05462 IndyMac Bk FSB v. Townsend filed 07/16/01   closed 10/30/01
1:01-cv-01683 IndyMac Bk F S B v. Evans filed 03/09/01   closed 07/19/01
1:01-cv-02413 IndyMac Bk F S B v. Howard filed 04/06/01   closed 07/31/01
1:01-cv-02414 Indymac Bk FSB v. Evans, et al filed 04/06/01   closed 07/31/01
1:01-cv-02949 Indymac Bk FSB v. Stec filed 04/25/01   closed 07/18/01
1:01-cv-02455 IndyMac Bk FSB v. Howard filed 04/09/01   closed 08/10/01
1:01-cv-02861 IndyMac Bk FSB v. Howard filed 04/23/01   closed 08/31/01
1:01-cv-03662 IndyMac Bk FSB v. Howard filed 05/18/01   closed 09/26/01
1:01-cv-04759 IndyMac Bk FSB v. Swiotkowsky, et al filed 06/22/01   closed 09/25/01
1:01-cv-05036 IndyMac Bk F S B v. Boyce, et al filed 06/29/01   closed 02/01/02
1:01-cv-08419 Bankers Trst Co CA v. Pierce filed 11/02/01   closed 01/17/02
1:01-cv-08419 Bankers Trst Co CA v. Pierce filed 11/02/01   closed 01/17/02
1:01-cv-09288 IndyMac Bk FSB v. Braidman, et al filed 12/05/01   closed 04/16/02
1:02-cv-01150 Vaden v. Indymac Bk FSB, et al filed 02/19/02   closed 10/09/03
1:02-cv-01725 Indymac Bk FSB v. Peters, et al filed 03/08/02   closed 05/23/02
1:02-cv-01858 Cole v. U S Capital Inc, et al filed 03/13/02   closed 09/18/06
1:02-cv-06957 IndyMac Bk F S B v. Temuri, et al filed 09/30/02   closed 12/05/02
1:02-cv-07592 IndyMac Bk FSB v. Niessner filed 10/23/02   closed 01/16/03
3:02-cv-50460 IndyMac Bk FSB v. Rubendall, et al filed 11/25/02   closed 04/23/03
1:03-cv-00358 IndyMac Bk FSB v. Vasquez filed 01/17/03   closed 03/18/03
1:03-cv-00458 IndyMac Bk FSB v. Torres, et al filed 01/22/03   closed 03/13/03
1:03-cv-00652 IndyMac Bk FSB v. Thomas filed 01/29/03   closed 03/26/03
3:03-cv-50039 IndyMac Bk FSB v. Young, et al filed 01/29/03   closed 04/23/03
1:03-cv-01314 IndyMac Bk FSB v. Peterson filed 02/21/03   closed 08/13/03
1:03-cv-06489 Scott v. Indymac Bk, et al filed 09/12/03   closed 02/02/04
1:04-cv-07669 Murray v. Indymac Bank FSB filed 11/24/2004 closed 09/13/2007
1:07-cv-01597 Giles v. IndyMac Bank, F.S.B. filed 03/22/07   closed 09/26/07
1:07-cv-01982 Ware et al v. Indymac Bank FSB et al filed 04/10/07
1:07-cv-02228 Thomas et al v. Opteum Financial Services LLC et al filed 04/23/07
1:08-cv-00272 Indymac Bank FSB v. Ganescu et al filed 01/11/08   closed 02/12/08
1:08-cv-01183 Sandifer v. Freedom Mortgage Corporation et al filed 02/27/08
1:08-cv-02216 Mables et al v. IndyMac Bank, F.S.B. filed 04/17/08