IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEMONT MABLES, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 08 CV 2216 |
| v. ) | |
| ) | Judge Lindberg |
| INDYMAC BANK, F.S.B., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY IN SUPPORT OF DEFENDANT**
**INDYMAC BANK, F.S.B.'S MOTION TO TRANSFER**

Plaintiffs' Opposition [DE 15] wholly fails to rebut that this case should be transferred to the Central District of California, where it was initially brought by many of the same counsel. Overlooking the substantial and dominant connections to California -- including both a *California* plaintiff and *California* defendant, and a putative class of substantially *California* borrowers -- Plaintiffs instead argue that transfer is somehow inappropriate because a similar Illinois-only class action brought by an Illinois plaintiff (*Ware v. Indymac Bank, F.S.B.*, No. 07-1982) is before a different judge in this District. The judge in that action has *already rejected* the argument that the cases are related, as Plaintiffs concede. Further, the argument that Indymac has been a party in other suits without seeking transfer to the Central District of California ignores that *none* of the listed actions involve cases brought by California plaintiffs in foreign courts, and none asserted nationwide class actions. Therefore, Plaintiffs have failed to rebut that this case should be transferred to the Central District of California, and this Court should grant Indymac's Motion to Transfer.[1]

---

[1] Throughout this Reply, Indymac's Memorandum in Support of its Motion to Transfer [DE 12] is referred to as "Memorandum."

**I.      THIS IS NOT THE SAME CASE AS *WARE*.**

Ignoring an express contrary ruling, Plaintiffs base much of their Opposition on the false assumption that this case and *Ware* are so related that both cases should be kept in the same forum. Simply put, *Ware* is *not* the same as this case (Judge Bucklo has already rejected that precise claim[2]), and the fact that *Ware* is pending in the Northern District of Illinois is immaterial to whether *this case* should be transferred to the Central District of California.

This action is brought by plaintiffs who reside in the Central District of California and the Northern District of Illinois[3] naming California-based Indymac as a defendant, alleging solely claims under the Fair Housing Act ("FHA") and Equal Credit Opportunity Act ("ECOA") as a result of an alleged "discretionary pricing policy" that supposedly resulted in minority borrowers paying higher mortgage-related fees and charges than white borrowers. Plaintiffs purport to bring their claims on behalf of a nationwide class.

On the other hand, *Ware* has a number of strong ties to Illinois. That action was brought by plaintiffs who reside *only* in the Northern District of Illinois, naming as defendants not only Indymac but also *Illinois*-based Homestart Mortgage Company (the plaintiffs' mortgage broker), and several other entities, alleging claims under FHA, ECOA, the *Illinois* Consumer Fraud Act, the Truth in Lending Act, the Credit Repair Organizations Act, and a claim under Illinois common law for breach of fiduciary duty. The suit also attacks different practices. In *Ware*, the

---

[2] On April 22, 2008 (the day after Indymac filed its Motion to Transfer), Plaintiffs' counsel in *Ware* -- who is one of Plaintiffs' counsel in this case -- filed a Motion to Relate, seeking Judge Bucklo's determination that *Mables* was related to *Ware* and to reassign *Mables* so that it would be before Judge Bucklo. *See Ware v. Indymac Bank, F.S.B., et al.*, No. 07-1982 (N.D. Ill. Apr. 22, 2008) (Dkt. No. 158) (attached as Ex. 1). Judge Bucklo has denied plaintiffs' motion to relate. *See Ware v. Indymac Bank, F.S.B., et al.*, No. 07-1982 (N.D. Ill. Apr. 28, 2008) (Dkt. No. 170) ("*Ware* Order") (attached as Ex. 2).

[3] Plaintiffs' Opposition overlooks the fact that one of the Plaintiffs -- Earlene Calvin -- is a resident of the Central District of California.

2

plaintiffs' discrimination claims are based only on the payment and receipt, respectively, of yield spread premiums by Indymac and Homestart. The plaintiffs in *Ware* bring the claims on behalf of several *Illinois*-only subclasses -- one set of subclasses seeking relief from Indymac and another set of subclasses seeking relief from Homestart.

Notwithstanding these facts Plaintiffs argue that this case and *Ware* are virtually identical and, because Indymac did not attempt to transfer *Ware* to the Central District of California, this case should not be transferred. Opposition at 2, 3.[4] As discussed above, Plaintiffs' argument is without merit because of the substantial ties to California that are present in this case that are not present in *Ware*.

Plaintiffs further argue that there are now two related actions pending against Indymac in the Northern District of Illinois, while no similar actions are pending against Indymac in the Central District of California. *Id.* at 2. However, *Ware* and this case are *not related*. Judge Bucklo denied the *Ware* plaintiffs' attempt to have this case reassigned to Judge Bucklo. *See Ware* Order. Furthermore, the only reason why there are no similar actions pending in the Central District of California is because Plaintiffs' counsel voluntarily dismissed *Ulloa v. Indymac Bank, F.S.B.*, No. 08-1312 (C.D. Cal.) ("*Ulloa*") (which had been pending in the Central District of California) the day after filing this action. *See* Memorandum at 4-5. Therefore, Plaintiffs' relatedness argument has no merit.

---

[4] Plaintiffs falsely state that Indymac "goes to great lengths to explain that the claims of racial discrimination and factual underpinnings of *Ware* and this action are virtually identical." Opposition at 4. This is a gross misstatement of Indymac's position. Indymac merely stated that *Ware* existed and provided some details about the case, including the fact that the plaintiffs in *Ware* sought to amend their complaint to broaden their discrimination-based claims to be more like the claims in *Ulloa* and this case. *See* Memorandum at 1, 3-4, 5. (Judge Bucklo has since denied plaintiffs' motion to amend their complaint. *See Ware* Order.) Nowhere in Indymac's Motion or Memorandum did Indymac state that *Ware* and this case are identical.

3

Transfer of this case to the Central District of California will not "disrupt and protract" *Ware* or this case. *See* Opposition at 2. As discussed above, *Ware* is factually distinguishable from this case and is nearing the end of discovery. Meanwhile, this case is in its earliest stages, as no responsive pleading has yet been filed. Furthermore, *Ware* and this case have not been consolidated. Therefore, it is hard to fathom how transferring this case -- which Judge Bucklo has already held is *not related* to *Ware* -- will disrupt or protract either case.

In sum, Plaintiffs' attempts to compare this case to *Ware* should be ignored, and this Court should transfer this case to the Central District of California.

## II. THE FACT THAT INDYMAC IS OR HAS BEEN A PARTY TO LITIGATION OUTSIDE THE CENTRAL DISTRICT OF CALIFORNIA DOES NOT MEAN THAT *THIS* SUIT BELONGS IN THE NORTHERN DISTRICT OF ILLINOIS.

Plaintiffs attach two lists of cases to their Opposition, arguing that this suit should remain in the Northern District of Illinois simply because Indymac has been a party to lawsuits in other jurisdictions without seeking to transfer those lawsuits to the Central District of California. Opposition at 12, 12 n. 7; Ex. A and B to Opposition. However, not a single case listed by Plaintiffs involves a nationwide putative class or a plaintiff from California.

Of the 55 cases Plaintiffs list in Exhibits A and B to their Opposition,[5] 36 are actions in which *Indymac* was the plaintiff. Of those 36 actions, 28 are mortgage foreclosure actions tied to property in the states where the actions were filed, against residents of those states (*i.e.,* Indymac was jurisdictionally required to file suit in those states). In addition, all of the cases in the Northern District of Illinois listed in Exhibit B in which Indymac is or has been a defendant were

---

[5] Exhibit A lists case from around the country in which Indymac is a party, and Exhibit B lists cases in the Northern District of Illinois in which Indymac is or has been a party. While Exhibit A has 45 entries, some cases have multiple entries and, thus, only 22 cases are represented. Not including this case and *Cole v. U.S. Capital, Inc.*, No. 02-1858 (in which Indymac was not a party), there are 33 cases listed in Exhibit B. Furthermore, some of the cases are listed in both Exhibit A and B.

brought by plaintiffs who reside in Illinois (as opposed to here, where there is a plaintiff who resides in the Central District of California). Of the three non-*Mables* putative class actions listed in Exhibit B, all were brought by Illinois residents on behalf of Illinois-only classes. The bottom line is that none of the cases Plaintiffs list support their claim that this case should remain in the Northern District of Illinois, or that Indymac somehow acquiesced in other cases to litigate California-weighted lawsuits elsewhere.

This case belongs in the Central District of California. Plaintiffs acknowledge that Indymac has *no* retail branches in Illinois and that the alleged discriminatory practices would have been "*launched*" in California. Opposition at 9 (emphasis added). In so many words, Plaintiffs admit that the alleged wrongdoing took place in (*i.e.*, "launched" in) California, regardless of whether the effects of the alleged wrongdoing may have been felt elsewhere. The only Illinois-related activity to which they can point was allegedly committed by the Mables' broker, *see id*. at 8, who is not even a defendant in this case.[6]

Simply because Plaintiffs chose to file their suit in the Northern District of Illinois does not mean that this is the proper forum. Plaintiffs argue that their choice of forum should be given "substantial weight, especially if it is the *plaintiff's home forum*." Opposition at 5 (quoting *Cosmetique, Inc. v. Robert Haydon Jones & Assoc., LLC*, No. 04 C 3139, 2004 WL 1510012, at *2 (N.D. Ill. July 1, 2004) (Lindberg, J.) (emphasis added by Plaintiffs)). This argument fails for three reasons. First, one of the Plaintiffs (and there are just two loans at issue) resides in the Central District of California, so this Court is not her home forum. *Timebase Pty Ltd. v.*

---

[6] Plaintiffs baldly assert that "Indymac only made loans through brokers in Illinois." Opposition at 8 n. 6. This is simply untrue, and it is unsupported. Loans to California borrowers would have been made through California brokers, who would (again) be deposed in California. Moreover, not even all of Indymac's loans in Illinois are made through brokers. Indymac sells through its own retail channels to Illinois (either online or through telemarketing), and these people would likewise be located in California. In addition, the Mables putative class is not limited to brokered loans.

5

*Thomson Corp.*, No. 07 C 460, 2007 WL 772946, at *2 (N.D. Ill. Mar. 9, 2007) (Lindberg, J.) (Ex. G to Memorandum) ("In this case, the deference is minimal because plaintiff does not reside in the Northern District of Illinois.") (citation omitted).  Second, Plaintiffs ignore (and do not attempt to rebut) the case law cited by Indymac that holds that, in class actions, the plaintiffs' choice of forum is given little deference.  Memorandum at 8-9.  Third, Plaintiffs ignore (and do not attempt to rebut) the case law cited by Indymac that holds that, when there has been forum shopping (as there has been here), the plaintiffs' choice of forum is given little deference.  *Id*. at 7-8.[7]

Therefore, simply because Indymac has not sought to transfer other, distinguishable cases to the Central District of California does not make transfer inappropriate here.

### III.   PLAINTIFFS ARE WRONG REGARDING PREMATURITY AND ACCESS TO PROOF AND WITNESSES.

Plaintiffs' argument that it is premature to know how many people in the Midwest have been allegedly negatively impacted, as opposed to people from different parts of the country (*see*

---

[7] Plaintiffs argue that they did not forum shop and insinuate that Indymac should be sanctioned for accusing Plaintiffs of forum shopping. *See* Opposition at 14-15. While Plaintiffs have not stated outright "we forum-shopped," their motives are transparent. Within a five-day period, Plaintiffs' counsel dropped *Ulloa*, filed the virtually identical *Mables* action, and filed a motion to reassign *Mables* to Judge Bucklo, who had already given the *Ware* plaintiffs a favorable ruling on the defendants' motions to dismiss in that case. Plaintiffs argue that the forum-shopping cases cited by Indymac are "inapposite" because Plaintiffs have not received an unfavorable ruling. Opposition at 14 n. 10. Even if plaintiffs in *Ulloa* did not receive an unfavorable ruling, the plaintiffs in *Ware did* receive a favorable ruling. *See* Memorandum at 3. Plaintiffs even admit that plaintiffs' counsel in *Ulloa* chose to file this case after learning of *Ware* and after conferring with plaintiffs' counsel in *Ware*. Opposition at 15. Despite the fact that *Ware* is markedly different from this case (*see* Part I above), Plaintiffs here halfheartedly argue that they filed this case in order to coordinate this case and *Ware*. The Court should look past Plaintiffs' superficial arguments to see what is really happening: forum shopping. Furthermore, Plaintiffs are wrong when they argue that "[m]any" of the counsel in this case were not "involved in any way" in the *Ulloa* case. Opposition at 8 n. 5. Half of the counsel in this case -- Bonnett, Fairbourn, Friedman & Balint, P.C., Chavez & Gertler, LLP, and Coughlin, Stoia, Geller, Rudman & Robbins LLP -- were the plaintiff's counsel in *Ulloa*. Those three firms are located in California and Arizona, which makes their choice to file this case in Illinois even more suspect. Furthermore, one of their co-counsel in this case, Al Hofeld, is the plaintiffs' counsel in *Ware*.

6

Opposition at 7), is wrong. As noted in the Declaration of Michael L. Stanford (attached to Indymac's Memorandum):

> In 2007, approximately 43 percent of Indymac's residential mortgage loans were originated to residents of California. In comparison, less than 3% of Indymac's residential mortgage loans were originated to residents of Illinois. In years before 2007, the concentration of Indymac's loans made to California borrowers was even *higher* than in 2007.

Stanford Declaration ¶ 4 (emphasis in original).

In short, a plurality of the putative class members are California residents, and only a small fraction of the putative class members are Illinois residents. Plaintiffs allege a broad, sweeping policy of discrimination that affected loans made to minorities across the nation. They do not allege that minority borrowers in Illinois were the only targets of this alleged discrimination, nor do they allege that minority borrowers in Illinois were somehow more the subject of discrimination than minority borrowers in other states. Therefore, while it may be premature to know exactly who will be in the class or if a class will even be certified, it is indisputable that there will be more putative class members from California than any other state and very few will be from Illinois.

In addition, the Court should disregard Plaintiffs' argument regarding the ease of accessing proof. Opposition at 10-11. While it may be true that electronic files are more easily forwarded by computer, Plaintiffs' putative class will likely engulf tens of thousands of borrowers. Each loan file is several hundred pages, and those loan files are stored primarily in California. A million pages is a million pages, whether it is in paper form or not, and those million pages would be accessed more easily and transported a much shorter distance if the case were transferred to the Central District of California.

Furthermore, where Chicago may be located in the United States is irrelevant because nearly all of the key witnesses in this case will be located in southern California, *not Illinois*. *See*

7

Stanford Decl. ¶¶ 6-7 (stating that the vast majority of Indymac's executive-level employees are located in southern California; that the vast majority of Indymac's compliance and underwriting employees are located in southern California and Austin, Texas; and that no executive-level employees or compliance or underwriting employees are located in Illinois). Therefore, despite Plaintiffs' arguments to the contrary (Opposition at 11), the convenience of access to witnesses (including one of the Plaintiffs) substantially favors transfer. *See Cosmetique*, 2004 WL 1510012, at *2 (granting the defendant's motion to transfer, in part because the relative ease of access to witnesses and evidence favored transfer).

## **CONCLUSION**

For all of the forgoing reasons and the reasons stated in Indymac's Memorandum, this Court should grant Indymac's Motion to Transfer and transfer this case to the Central District of California.

Dated: May 13, 2008                             Respectfully submitted,

**INDYMAC BANK, F.S.B.**

By:   s/ Richard E. Gottlieb
         Richard E. Gottlieb (rgottlieb@dykema.com)
         Todd Gale (tgale@dykema.com)
         Renee L. Zipprich (rzipprich@dykema.com)
         DYKEMA GOSSETT PLLC
         10 South Wacker Drive, Suite 2300
         Chicago, IL 60606
         Phone: 312-876-1700
         Fax:    312-627-2302

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008, I electronically filed the foregoing Reply in Support of Indymac Bank, F.S.B.'s Motion to Transfer with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

>Albert F. Hofeld, Jr. (al@alhofeldlaw.com)
>Marvin A. Miller (mmiller@millerlawllc.com)

>s/ Irina V. Frye

CHICAGO\2447073.3
ID\ADL

# EXHIBIT 1

Case 1:08-cv-02216   Document 16-2   Filed 05/13/2008   Page 1 of 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARTER WARE and THELMA WARE, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07-1982 |
| INDYMAC BANK, F.S.B., HOMESTART MORTGAGE CORP., CITIMORTGAGE INC., ELECTRONIC REGISTRATION SYSTEMS, INC., et.al. | ) ) ) ) ) ) | Judge Elaine E. Bucklo |
| Defendants. | ) ) | |
| LEMONT MABLES, LARISSA HENDERSON-MABLES and EARLENE CALVIN, on behalf of themselves and others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | No. 08-2216 |
| INDYMAC BANK, F.S.B., | ) ) | Judge George W. Lindberg |
| Defendant. | ) ) ) ) ) | |

## **MOTION TO RELATE**

Plaintiffs Carter Ware and Thelma Ware ("Plaintiffs"), by and through their attorney, request this Court to make a finding pursuant to Local Rule 40.4, that the *Mables v. IndyMac Bank, F.S.B.* action is related to the above-captioned matter ("Ware") which has been assigned to this Court, and in support of this motion, state as follows:

1. The Wares commenced their complaint against defendant Indymac Bank, among

others, on April 10, 2007. Plaintiffs filed an Amended Complaint on May 15, 2007. [Dkt 26] A copy of the *Ware* Amended Complaint is attached as *Exhibit A*.

2.　This Court entered a Memorandum Opinion on February 14, 2008 denying in part and granting in part the various defendants' motions to dismiss. [Dkt 129].

3.　On April 17, 2008, Plaintiffs Lemont Mables, Larissa Henderson-Mables, and Earlene Calvin in *Mables v. Indymac Bank, F.S.B.*, 08 C 2216 commenced their class action, which was assigned to Judge Lindberg. A copy of the *Mables* class action complaint is attached as *Exhibit B*.

4.　The Ware Plaintiffs have moved for leave to file a second amended complaint, a copy of which (minus exhibits, which are identical to the Ware amended complaint) is attached as *Exhibit C*. Their extant complaint and the Mables' complaint should be found related, since the claims and relief sought are substantially similar and satisfy L.R. 40.4. In the event this Court grants Wares' motion for leave to amend, then *Mables* and *Ware* should be found related.

5.　Both Class Action Cases satisfy the Definition of "related" contained in L.R. 40.4(a).

6.　Both the *Ware* and *Mables* class actions arise from the defendant's alleged racially discriminatory lending practices, both cases involve the same issues of fact, and coordination with the *Ware* action will greatly facilitate resolution of the claims alleged in the class actions. LR40.4 (a)(2 and 3).

7.　The classes on whose behalf the actions are brought are substantially similar in both complaints. If there are any minor differences, counsel contemplate the filing of a consolidated class action complaint which should remedy any disparities.

**L.R. 40.4 (b) Requirements are Satisfied.**

8.　　Both actions are pending in the Northern District of Illinois. L.R. 40.4 (b)(1).

9.　　Plaintiffs in the class action cases believe that judicial economy will be promoted by relating these actions so that there will not be duplication of motion practice, discovery and effort in pre-trial proceedings and possible inconsistent rulings on similar issues. L.R.40.4(b)(2).

10.　　Also, since defendant Indymac Bank's alleged misconduct bearing on plaintiffs' claims is substantially similar in both of the class action cases and because neither of the actions has progressed to the point where designating these cases as related would likely unnecessarily delay the proceedings in the earlier filed action, the handling and management of the actions by the same judge is likely to result in a substantial saving of judicial time and effort. L.R. 40.4(b)(3).

11.　　Plaintiffs in both of the class actions have requested trial by jury. Therefore, both the class cases are susceptible of disposition in a single proceeding. L.R.40.4(b)(4).

12.　　The class actions can also be consolidated pursuant to Fed. R. Civ. P. 42(a).

13.　　Both actions name one of the same defendants, Indymac. Any differences in the number and identity of the additional named defendants will be cured through the filing of a consolidated complaint.

14.　　The *Mables* class action is susceptible to a single trial with the *Ware* action, both actions arise from the same common core of defendant's wrongful conduct, and there are substantial pre-trial proceedings which can and should be coordinated and accomplished such that the *Mables* and the *Ware* action are related.

WHEREFORE, plaintiffs respectfully request that this Court make a finding pursuant to L.R. 40.4 that the class actions are related.

Dated: April 22, 2008                    Respectfully submitted,
                                         on behalf of the plaintiffs,


                                         By: */s/ Al Hofeld, Jr.*
                                         Al Hofeld, Jr.
                                         **LAW OFFICES OF AL HOFELD, JR. LLC**
                                         And The Social Justice Project, Inc.
                                         208 South LaSalle Street, Suite 1650
                                         Chicago, Illinois 60604
                                         Telephone: (312) 345-1004
                                         Facsimile: (312) 346-3242

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.1.3
Eastern Division

Carter Ware, et al.
                              Plaintiff,

v.                                              Case No.: 1:07–cv–01982
                                                Honorable Elaine E. Bucklo

Indymac Bank FSB, et al.
                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, April 28, 2008:

    MINUTE entry before Judge Honorable Elaine E. Bucklo:Plaintiffs' motion to file a second amended complaint "containing amendments to conform the operative complaint to the evidence being obtained in discovery" is denied. First, plaintiffs agreed in a proposed scheduling order, entered by this court on August 8, 2007, that any amendments to the pleadings would be made by October 31, 2007. Second, the proposed amended complaint, while narrowing the allegations to African Americans, which in the absence of a certified class, would be acceptable, also broadens the allegations to include alleged discrimination in "broker compensation." But the allegations of such are too conclusory to survive a motion to dismiss. Furthermore, at oral argument, plaintiffs' counsel stated that he did not actually have any evidence to support the claim. His hope of obtaining such evidence will not support a late amended complaint. Plaintiffs' motion seeking an order that case no. 08–2216 be assigned to this court is also denied. That case alleges a nationwide class (as opposed to one limited to Illinois plaintiffs as in this case) and includes alleged broker compensation discrimination claims that are not at issue in this case. Finally, defendants' motion to stay this action pending resolution of the motion to transfer in 08–2216 is denied. Discovery in this case is about to end (unless defendants cause it to be extended by delays in producing requested discovery). Plaintiffs are entitled to have this case adjudicated without regard to a case that is newly filed and contains claims that will not be at issue here. Plaintiffs must, however, file their motion for class certification in this case, with supporting memoranda, by June 1, 2008.Motion for protective order [164] is granted. Draft order with amendments discussed in court to be submitted for entry. Status hearing reset for 7/2/2008 at 09:30 AM. Mailed notice(mpj, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.