UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LEMONT MABLES,** *et al.*,                         ) | |
| Plaintiffs,      ) | |
| ) | |
| v.                                                      ) | Case No.  08  C 2216 |
| ) | |
| **INDYMAC BANK, F.S.B.,**                           ) | Judge George W. Lindberg |
| ) | |
| Defendant.      ) | |

### MEMORANDUM OPINION AND ORDER

Defendant Indymac Bank, F.S.B. ("Indymac") moves this court pursuant to 28 U.S.C. § 1404(a) to transfer jurisdiction of this case to the United States District Court for the Central District of California.  For the reasons set forth below, the motion is denied.

*I.  RELEVANT FACTS*

Plaintiff Lemont Mables ("Mables") is an individual who resides in the Northern District of Illinois.  He, along with a Larissa Henderson-Mables and Earlene Calvin, initiated the instant lawsuit against Indymac on behalf of themselves and a purported class of similarly situated minority individuals who claim to be the victims of Indymac's racially discriminatory mortgage lending practices.  Ms. Henderson-Mables resides in the Northern District of Illinois and Ms. Calvin resides in the Central District of California.  The members of plaintiffs' purported nationwide class are located throughout the United States, including both Illinois and California. In the complaint, the named plaintiffs allege violations of the federal Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, and the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*.

Indymac is a federal savings bank with its principal place of business in the Central District of California.  Indymac does not have any branch banks in Illinois, but it originates

mortgage loans across the United States, including in Illinois. The vast majority of Indymac's senior employees are located in southern California or Texas and none are located in Illinois. Further, Indymac claims that the documents relevant to this case are likely located outside of Illinois because Indymac does not have any storage facilities for loan files in Illinois. Most of Indymac's loan records are located in the Central District of California.

The factual and legal allegations in the instant complaint are virtually identical to the allegations in the complaint filed in *Ulloa v. Indymac Bank, F.S.B.*, No.08-1312 (C.D. Cal.). Further, some of Mables' attorneys in this case were also attorneys of record for the plaintiffs in the *Ulloa* case. Mables' attorneys filed the *Ulloa* case on February 26, 2008 in the Central District of California. They filed the instant case on April 17, 2008 and dismissed the *Ulloa* case the next day. The plaintiffs in *Ulloa* dismissed their case before the California court made any rulings adverse to them. In fact, they dismissed the case before Indymac filed an answer or pleading responsive to the complaint and before the court made any substantive rulings. There is also a case currently pending before Judge Bucklo in this district, *Ware v. Indymac Bank F.S.B.*, No. 07 C 1982, that involves similar, but more limited factual and legal allegations than those alleges by Mables and the plaintiffs in *Ulloa*.

## II.  LEGAL ANALYSIS

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In other words, a transfer is appropriate if: (1) venue is proper in both the transferor and transferee courts; (2) transfer will serve the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *See Boyd v. Snyder*, 44 F. Supp. 2d 966,

968 (N. D. Ill. 1999). Whether to transfer a case is within the sound discretion of the transferor court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The party requesting transfer bears the burden of demonstrating that the transferee forum is clearly more convenient than the transferor forum. *Id*.

Both parties concede that venue is proper in this court and the Central District of California. Therefore, the court proceeds directly to an analysis of the second factor, whether transfer will serve the convenience of the parties and witnesses. The court finds that it would not. In assessing the convenience of the parties and witnesses, the Court considers five sub-factors. *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 774 (N.D. Ill. 1998). First, the court looks to the plaintiffs' chosen forum, which is normally accorded deference. In this case, the deference is negligible because plaintiffs filed this action on behalf of a purported nationwide class of similarly situated individuals. *See Boyd v. Snyder*, 44 F.Supp.2d 966, 970 (N.D.Ill. 1999)(quoting *Georgouses v. NaTec Resources, Inc.*, 963 F.Supp. 728, 730 (N.D.Ill. 1997)("When 'plaintiff alleges a class action, plaintiff's home forum is irrelevant.'").

The next factor, the situs of the material events, is neutral and does not weigh in favor of transfer. Indymac claims that the Central District of California is the situs of material events because its corporate offices are located there. Indymac reasons that its discriminatory lending policies, if they exist, would have been formulated at its corporate offices. Mables disagrees arguing that the situs of material events is in the Northern District of Illinois because Indymac's discriminatory policies were implemented against him and other purported class members in this district.

The court need not determine which district has the most substantial contacts to events

material to this case. "As long as contacts in [plaintiff's] chosen district are substantial, 'venue is proper notwithstanding the possibility that [defendant's] activities may have been more substantial somewhere else.'" *Moore v. AT&T Latin America Corp.*, 177 F.Supp.2d 785, 788 (N.D.Ill. 2001). Substantial, material events occurred in both Illinois and California, thus this factor does not weigh in favor of transfer. In light of Mables' allegations that he felt the effects of Indymac's discriminatory lending practices in the Northern District of Illinos because he executed his Indymac loan here and the property that is subject to the mortgage is here, this district is an appropriate forum for trying this case.

      The third and fourth factors, the convenience of the witnesses and ease of access to sources of proof, are also neutral. Indymac argues that its key witnesses and at least one plaintiff are located in the Central District of California, while Mables argues that he and at least one other plaintiff are located in this district. Indymac is a national bank and the inconvenience of flying its trial witnesses, if any, to Chicago is minimal and does not appear substantially greater than the inconvenience to Mables and the other Illinois plaintiffs of flying to California for trial.

      Further, the ease of access to sources of proof does not weigh heavily in favor of one forum over the other. Indymac argues that all of its documentary evidence and relevant witnesses are likely in California. Relevant documents could be in the tens of thousands and if the case remains here, Indymac would be forced to transfer its sources of proof across the country. This argument is misplaced. The actual number of documents and witnesses that will have to travel to Illinois, if this case goes to trial, are likely small. Further, the parties can conduct pretrial discovery in California, negating the need to transport documents and witnesses outside of California.

The last factor, the convenience of the parties in litigating in each respective forum does not weigh in favor of transfer. Indymac argues that it is more convenient for the parties to litigate the case in California because Indymac's witnesses and evidence are located there. As the court noted above, the parties can conduct pretrial discovery in California and, in the event the case proceeds to trial, the number of trial witnesses and documents are likely small. Further, Indymac is already litigating a case similar to the instant case in this district before Judge Bucklo. Litigating this case in California would not be so much more convenient for Indymac that it justifies a transfer of venue.

In sum, the factors relevant to assessing the convenience of the parties and witnesses in litigating the case in both forums do not weigh in favor of transfer. "Transfer under Section 1404(a) is not designed to merely shift inconveniences between equally situated parties." *Andrade v. Chase Home Finance, LLC*, No. 04 C 8229, 2005 WL 3436400, at *3 (N.D.Ill. 2005). The Northern District of Illinois and the Central District of California appear to be relatively equivalent in terms of their convenience to the parties and witnesses. Any increase in convenience a transfer would provide to Indymac does not outweigh the inconvenience it would create for Mables and other Illinois plaintiffs.

Finally, the court must consider whether transfer is in the interest of justice. Indymac argues that this factor weighs heavily in favor of transfer to the Central District of California. The court disagrees. The interest of justice component of a § 1404(a) analysis concerns the "efficient administration of the court system." *Coffey*, 796 F.2d at 221. In making this determination, the court considers each proposed forum court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of litigating the case in

each locale. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 961 (N.D. Ill. 2000). This case involves questions of federal law. Both this court and the Central District of California are equally familiar and capable of deciding federal questions, thus this factor is neutral to the § 1404(a) analysis.

Next, the court considers which district will provide the parties with the fastest progression to trial. The two most relevant statistics are the median months from filing to disposition of a case and the median months from filing to trial. *Amoco*, 90 F.Supp.2d at 962. In 2007, the median months from filing to disposition was 6.8 in the Central District of California and 6.2 for the Northern District of Illinois. The median months from filing to trial in 2007 were 21.3 in the Central District of California and 29.7 in the Northern District of Illinois. The relevant statistics for both forums are similar. The median months from filing to disposition weigh slightly in favor of this district, while the median months from filing to trial weigh slightly in favor of the Central District of California. In light of the similarity in the statistics for both districts, this factor is neutral.

The last interest of justice related factor, the desirability of litigating the case in each proposed forum, does not favor transfer. Indymac argues that the case should be transferred because plaintiffs and their counsel have engaged in egregious forum shopping. The court disagrees and finds that Indymac has not presented any evidence of improper conduct on the part of plaintiffs or their counsel.

Plaintiffs' counsel filed a case almost identical to the instant case on February 26, 2008 in the Central District of California, naming Indymac as the sole defendant. *See Ulloa v. Indymac Bank, F.S.B.*, No. CV08-1312, (C.D.Cal.). Less than two month later and the day after plaintiffs

filed the instant case, plaintiffs' counsel voluntarily dismiss the *Ulloa* case. Plaintiffs' counsel dismissed *Ulloa* before Indymac filed an answer or responsive pleading and prior to any substantive rulings in the case. At the time of the voluntary dismissal, the court in California had not made any rulings adverse to Indymac, which distinguishes this case from the cases cited by Indymac in support of its forum shopping argument. *See Agha v. Secretary of Army*, No. 89-15213, 1990 WL 208723, at *1 n.1 (9th Cir. Dec. 5, 1990)(unpublished opinion); *Campbell Software v. Kronos Inc.*, No. 95 C 7348, 1996 WL 124457, at *7 n.1 (N.D.Ill. Mar. 15, 1996); *Madano v. Shell Oil Co.*, 2008-1 Trade Cas. (CCH) P76,054, 2008 WL 268986, at *3 (C.D.Cal.). Indymac has not presented any evidence to support its claim of forum shopping. Federal Rule of Civil Procedure Rule 41(a) provides that a plaintiff can voluntarily dismiss his case by stipulation and without an order of the court any time before service by the adverse party of an answer. The court will not make a negative inference from the fact that plaintiffs' counsel, on behalf of their clients, utilized Rule 41(a) in the *Ulloa* case.

Further, Indymac suggests that Mables filed the instant action in the hopes that Judge Bucklo would grant a motion to relate this case with the *Ware* case. Judge Bucklo denied the motion to relate on April 22, 2008, so any advantage Mables and his counsel may have sought to gain in filing this case in the Northern District of Illinois is moot.

### III. CONCLUSION

On these facts, the court finds that transfer to the Central District of California pursuant to § 1404(a) is not appropriate. Indymac failed to meet its burden of establishing that the Central District of California is clearly a more convenient forum to litigate this case. After weighing the relevant factors, it appears that both forums are substantially equal in terms of litigation

convenience. Therefore, the motion to transfer venue is denied.

ORDERED: Defendant's motion to transfer venue to the Central District of California [11] is denied.

E N T E R:

_____
George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: June 9, 2008